UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ARTHUR G. BOYD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-134 TLS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Arthur G. Boyd, a *pro se* prisoner, filed an Amended Habeas Corpus Petition [DE 3] seeking to have this Court "enforce [the] order granted on April 18, 2006 by Porter Superior Court allotting petitioner 299 credit days for 299 actual days served." (Am. Pet. ¶ 15, DE 3 at 9.) In response, the Respondent filed a Motion to Dismiss [DE 11] along with a Memorandum in Support [DE 12], and the Petitioner then filed a Traverse [DE 13]. The Respondent argues that the case is moot because Boyd has received the credit time as ordered. Randall Short, Supervisor of Offender Placement Services for the Indiana Department of Corrections (IDOC), provided the following information to support that claim in a signed declaration:

> 2. I have reviewed the DOC's Offender Information System on Arthur G. Boyd, DOC number 983851. I have also reviewed Judge Mary R. Harper's Order Granting Modification of Sentencing Order issued in Cause Number 64D05-0205-FB-4072 and dated April 18, 2006. I can attest that the DOC is in compliance with this Order because the DOC has credited *Mr. Garner* with 299 days physically served and 299 days of earned credit time for a total of 598 days (Exhibit 1B).
> 3. The attached Credit Calculation Detail reflects that Mr. Boyd was properly credited with 299 days time served and 299 days earned credit time (Exhibit 1B).

(Decl. of Randall Short, DE 12-2 at 1) (emphasis added). Attached to the Declaration is the Petitioner's Detail Credit Time Calculation as of August 6, 2008. Although Short's Declaration [DE 12-2] erroneously references a "Mr. Garner," this appears to be a scrivener's error because it also twice mentions Boyd by name and once by IDOC number. Also, attached to the Declaration is the Petitioner's Detail Credit Time Calculation. Although the Petitioner tries to make an issue of this error in his Traverse, the sole question before the Court is whether he has received proper credit for his time served. Therefore, it is irrelevant that the Declaration erroneously mentions a "Mr. Garner."

In his Traverse, the Petitioner argues that "[t]here [are] no records to show that the respondent complied with court order," (Traverse ¶ 1, DE 13-1 at 1), and that

> From petitioner's sentencing date of 3-04-2003 till the current time, including but not limited to all the credit days loss, petitioner's record still only reflect 299 actual days, and not the additional 299 credit days for a total of 598 days.

(*Id.* at ¶ 7, DE 13-1 at 4).

It is true that the Detail Credit Time Calculation report (Resp't Ex. 1B, DE 12-2 at 2) can be difficult to read and understand because it contains many rows and columns of numbers. Nevertheless, the review here is straightforward because it only requires a few pieces of data from this report, which is attached as an Appendix to this Order.

After the column headings, the second row of information demonstrates that the Petitioner received the credit time at issue here. Under the heading "TIME SERVD," the report shows "299," which indicates that he has received credit for the 299 days that he actually physically served. In that same row, under the heading "EARND CR TM," the report shows "299," which indicates that he has received credit for the 299 days of earned credit time

2

associated with the 299 days that he actually served. This means that he indeed did receive the 299 days credit time *in addition to* the 299 days he actually served, for a total of 598 days credited against his prison term.

This is confirmed by reviewing the numbers in the column titled "REMN TIME," which shows how much time he has remaining to be served. The first number in that column shows that he began with 4749 days remaining to be served, and, after subtracting the 598 days credited by that row, he then had 4151 days remaining (4749-4151=598).

Because the Petitioner has received credit for these days, the Amended Petition [DE 3] is moot, and the Respondent's Motion to Dismiss (DE 11) is GRANTED.

SO ORDERED on September 24, 2008.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

Appendix to Court's Order [DE 14] in *Boyd v. Superintendent*, 3:08-CV-134-TS. The table below is Exhibit 1B of the Respondent's Memorandum in Support [DE 12-2 at 2].

```
REPORT ID: RPT0052                    INDIANA DEPARTMENT OF CORRECTION                    DATE:  08/06/2008
WESTVILLE CONTROL UNIT                DETAIL CREDIT TIME CALCULATION                      TIME:  13:29:15
                                             AS OF 08/06/2008                             PAGE:  2

OFFENDER:    BOYD, ARTHUR                                         LOCATION: WCU
DOC NUMBER:  983851

                                   CC:   0
SENT NO:   002                     HD:   0
CAUSE NO:  64D05-0205-FB-4072      JTC:  299                DOC EARN CREDIT TIME:       1370
COUNT NO:  01                      FTI:  4749               BCR EARN CREDIT TIME:          0
                                   DOS:  03-04-2003         DOC INTAKE DATE:       02-19-1998
                                   EDS:  07-31-2002         MRD:                   07-31-2015
                                                            DISCHARGE DATE:        00-00-0000

ACTION      SEQ                   FAC/          MAN  CRD  TIME   EARN  EARND  ADJ   ADJTD  ADJTD  REMN   PROJ     PROJ
DATE        NO   ACTION           INST     ID   OVR  CLS  SERVD  MULT  CR TM  DAYS  EARND  EARND  TIME   MULT     TIME     PRD
                                                FLG                                  ED TM  CR TM
07-31-2002  0    INITIAL ACTION   ISR SYP  SYSTEM    N 1     0   1.000     0     0      0      0   4749  0.50000  2375  01-29-2009
05-26-2003  0    JTC              WCU RS   90-304    N 1   299   1.000   299     0      0    299   4151  0.50000  2076  01-29-2009
07-02-2003  0    DEPRIVE 45 DAYS  ISR ALM  92619     N 1    37   1.000    37   -45      0     -8   4122  0.50000  2061  02-20-2009
08-27-2003  0    DEMOTE CC3       ISR ALM  00-018    N 3    56   1.000    56     0      0     56   4010  0.66666  4010  08-18-2014
09-05-2004  0    PROMOTE TO CC2   ISR HEW  00-018    N 2   375   0.500    91     0      0     91   3635  0.50000  2423  04-24-2011
03-05-2005  0    PROMOTE TO CC1   ISP PAP  04-706    N 1   181   1.000   186    12      0    198   3363  0.50000  1682  10-11-2009
09-07-2005  0    RESTORE 12 DAYS  ISP PAP  04-112    N 1   186   1.000   186   -90      0    198   2979  0.50000  1490  10-05-2009
11-28-2005  0    DEPRIVE 90 DAYS  ISP PAP  00-706    N 1    82   1.000    82   -90      0     -8   2905  0.50000  1453  11-19-2009
01-10-2006  0    DEPRIVE 60 DAYS  ISP PAP  00-706    N 1   255   1.0000  255   -60      0    195   2455  0.50000  1228  12-19-2009
01-09-2007  0    DEPRIVE 60 DAYS  ISP FB   04-112    N 1   152   1.0000  152   -60      0     92   2211  0.50000  1106  01-18-2010
02-15-2007  0    DEPRIVE 30 DAYS  ISP PAP  00-706    N 1    37   1.0000   37   -30      0      7   2167  0.50000  1084  02-02-2010
12-10-2007  0    DEPRIVE 90 DAYS  ISP PAP  00-706    N 1   298   1.000   298   -90      0    208   1661  0.50000   831  03-19-2010
```

